IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DENNIS DICKENSON,**<br><br>Plaintiff,<br><br>v.<br><br>**BRENNTAG NORTH AMERICA, INC., et al.,**<br><br>Defendants. | Case No. 22-2068-JAR-ADM |

## MEMORANDUM AND ORDER

Plaintiff Dennis Dickenson brings this action against Brenntag Specialties LLC ("BSI") and multiple other defendants alleging causes of action for product liability, breach of implied warranty, and fraud after he developed malignant mesothelioma as a result of his exposure to products containing asbestos. This matter comes before the Court on Plaintiff's motion for leave to conduct limited jurisdictional discovery with BSI and a requested extension of time for up to ten days after completion of the jurisdictional discovery to file his substantive response to BSI's motion to dismiss (Doc. 73). After the Court expedited briefing on the matter, BSI objected to Plaintiff's motion for leave to conduct jurisdictional discovery, arguing that any such discovery will not elicit evidence to support the exercise of jurisdiction over BSI in this matter.[1] Plaintiff did not reply. As explained more fully below, the Court grants Plaintiff's motion.

**I.   Background**

Plaintiff sues BSI individually and as successor-in-interest to co-defendant Whitaker, Clark & Daniels, Inc. Invoking the Court's diversity jurisdiction, Plaintiff alleges that BSI is a Delaware limited liability company doing business in the State of Kansas, and is a citizen of

---

[1] Doc. 76.

Delaware and Pennsylvania. Plaintiff alleges generally that all named Defendants "are foreign corporations amenable to jurisdiction in Kansas by virtue of their respective conduct of substantial and/or systematic business" in Kansas, and now "or in the past mined, manufactured, processed, imported, converted, compounded, supplied, and/or retailed substantial amounts of Defendants' products which are or in the past were sold, distributed, and used" in Kansas.[2]

On April 6, BSI moved to dismiss for lack of personal jurisdiction.[3] Co-defendant Brenntag North America, Inc. was dismissed per the parties' joint stipulation after filing a similar motion to dismiss for lack of jurisdiction.[4] On May 27, 2022, Defendants, including BSI, served Joint Interrogatories and Requests for Production to Plaintiff.[5] A scheduling conference was held on June 2, 2022, to reconvene on June 23, 2022.[6]

## II.     Legal Standards

> The standard that governs a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction is well established: [t]he plaintiff bears the burden of establishing personal jurisdiction over the defendant. The extent of the burden depends on the stage at which the court considers the jurisdictional issue. When personal jurisdiction "is decided at a preliminary stage by reference to only the complaint and affidavits, the plaintiff need only make a prima facie showing of personal jurisdiction."[7]

---

[2] Doc. 1 at 7.

[3] Doc. 52.

[4] Docs. 51, 77.

[5] Doc. 75.

[6] Doc. 80.

[7] *Vestring v. Halla*, 920 F. Supp. 2d 1189, 1193 (D. Kan. 2013) (quoting *Edison Trust Number One v. Patillo*, No. 10-1159-RDR, 2010 WL 5093831, at *1 (D. Kan. Dec. 8, 2010)).

A plaintiff may make such showing "by demonstrating, via affidavit or other written materials, facts that if true would support jurisdiction over the defendant."[8]

In its motion to dismiss, BSI argues that there is neither general nor specific jurisdiction over BSI in Kansas because Plaintiff does not identify any purposeful activity of BSI specifically directed at Kansas and does not establish that his claims arise out of any such activity.[9] Plaintiff responds by asking this Court to defer ruling on the motion to dismiss until he has conducted limited discovery to address BSI's allegations in support of its motion. Plaintiff seeks 75 days to serve up to ten interrogatories and ten requests for production of documents upon BSI and to take the deposition of a representative of BSI pursuant to Fed. R. Civ. P. 30(b) concerning the business operations and activities of BSI in Kansas.

Generally, "[w]hen a defendant moves to dismiss for lack of jurisdiction, either party should be allowed discovery on the factual issues raised by that motion."[10] While jurisdictional discovery motions are liberally granted, the party seeking discovery bears "the burden of demonstrating a legal entitlement to" it.[11] This burden includes demonstrating the "related prejudice flowing from the discovery's denial."[12] A district court's decision to allow jurisdictional discovery is discretionary; an abuse of discretion occurs if the district court's denial of discovery results in prejudice to the litigant seeking it.[13] "Prejudice is present 'where

---

[8] *TH Agric. & Nutrition, L.L.C. v. Ace European Grp. Ltd.*, 488 F.3d 1282, 1286 (10th Cir. 2007).

[9] *See Daimler AG v. Bauman*, 571 U.S. 117, 138 (2014) (rejecting the "substantial and continuous" standard for general jurisdiction over companies); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (setting forth the standard for specific jurisdiction).

[10] *Sizova v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1326 (10th Cir. 2002) (quoting *Budde v. Ling-Temco Vought, Inc.*, 511 F.2d 1033, 1035 (10th Cir. 1975)).

[11] *Breakthrough Mgmt. Grp., Inc. v. Chukchansi Gold Casino & Resort*, 629 F.3d 1173, 1189 n.11 (10th Cir. 2010).

[12] *Grynberg v. Ivanhoe Energy, Inc.*, 490 F. App'x 86, 103 (10th Cir. 2012).

[13] *Breakthrough Mgmt. Grp.*, 629 F.3d at 1189.

pertinent facts bearing on the question of jurisdiction are controverted . . . or where a more satisfactory showing of the facts is necessary.'"[14]

**III.     Analysis**

Plaintiff alleges that BSI supplied the asbestos-containing talc that was incorporated and contained in the Right Guard Aerosol Spray Deodorant that he used in Kansas for over twenty years.  Plaintiff contends that BSI maintains substantial and continuous business operations in Kansas by virtue of its Brenntag Southwest, Inc. ("Brenntag Southwest") distribution center located in Wichita, Kansas, and that limited jurisdictional discovery is needed to uncover and clarify facts concerning BSI's activities in Kansas that might support jurisdiction.

BSI offers the declaration of Daniel Oberdick, senior litigation counsel for BSI and Brenntag Southwest as the sole factual basis for its motion to dismiss and objection to Plaintiff's request for jurisdictional discovery.[15]  Oberdick states that former co-defendant Brenntag North America is the parent of both BSI and Brenntag Southwest; that BSI is incorporated in Delaware and maintains its principal place of business in New Jersey; that Brenntag Southwest is incorporated and maintains its principal place of business in Texas; and that BSI and Brenntag Southwest "are separate and distinct independently operated corporations."[16]  Oberdick does not address whether BSI conducts or is registered to do business in, or has taken any action specifically directed at the State of Kansas.

The Court finds that there is no clear answer in the parties' briefing regarding personal jurisdiction over BSI, specifically whether BSI purposefully directed activities at Kansas and

---

[14] *Sizova*, 282 F.3d at 1326 (citing *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977)).

[15] Doc. 76-1.

[16] *Id.*

4

whether Plaintiff's injuries arise out of BSI's Kansas-related activities. Because a more satisfactory showing of the facts is necessary, the Court finds that Plaintiff would be prejudiced if he were not allowed to conduct limited discovery on the issues related to whether personal jurisdiction exists over BSI. Contrary to BSI's assertion, Plaintiff's limited discovery request is not a fishing expedition, but instead appears to be tailored to seeking information from BSI about the various Brenntag entities and predecessors, including co-defendant Whittaker, Clark & Daniels. Any prejudice to BSI in responding to ten interrogatories and ten requests for production of documents regarding the business operations and activities of BSI in Kansas is minimal, given that the parties have already served initial Rule 26(a)(1) discovery requests. Plaintiff is also granted leave to conduct a Rule 30(b)(6) deposition of one representative of BSI concerning the business operations and activities of BSI in Kansas, conducted via Zoom and to last no more than two hours. The Court also finds that 60 days is sufficient for the completion of such discovery.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Leave to Conduct Limited Jurisdictional Discovery (Doc. 73) is **granted** as follows: Plaintiff is granted leave to serve up to ten interrogatories and ten requests for production of documents upon Defendant BSI directed to the business operations and activities of BSI in Kansas; Plaintiff is also granted leave to take the deposition of a representative of BSI concerning the business operations and activities of BSI in Kansas, via Zoom and to last no more than two hours; and Plaintiff is granted a period of **60 days** from the date of this Order for completion of such discovery;

**IT IS FURTHER ORDERED** that Plaintiff shall respond to BSI's motion to dismiss or to seek leave to amend his Complaint within **ten days** after completion of the jurisdictional discovery.

**IT IS SO ORDERED.**

Dated: June 17, 2022

    S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE