IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DENNIS DICKENSON,

    Plaintiff,

v.

BRENNTAG NORTH AMERICA, INC., et al.,

    Defendants.

Case No. 22-2068-JAR-ADM

**MEMORANDUM AND ORDER**

    This case arises from plaintiff Dennis Dickenson's diagnosis of mesothelioma in 2021. Dickenson sues a number of product manufacturers and suppliers, alleging their products (such as deodorant and talc) exposed him to asbestos, which in turn led to his mesothelioma. (ECF 1.) Dickenson reached settlements with at least two companies: Pfizer and Barretts Minerals. Thereafter, non-settling defendants Henkel Consumer Goods, Inc. and Henkel Corporation (collectively, "Henkel") served discovery requests seeking (1) any settlement agreement Dickenson entered in this lawsuit, and (2) communications relating to any such settlement. Dickenson objected to the requests, asserting the settlement information is not discoverable.

    Now before the court is Henkel's Motion to Compel. (ECF 146.) By way of this motion, Henkel moves the court to overrule Dickenson's objections and order Dickenson to produce settlement information responsive to Henkel's document requests. As discussed in further detail below, the court grants Henkel's motion to the extent that it moves to compel production of settlement agreements, but denies without prejudice Henkel's motion to the extent that it moves to compel production of settlement communications.

1

## I. LEGAL STANDARDS

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* Here, the parties disagree about whether settlement agreements and related communications are "relevant to any party's claim or defense." Relevance is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978); *see also Booth v. Davis*, No. 10-4010-RDR, 2011 WL 2008284, at *6 (D. Kan. May 23, 2011) ("Relevance is broadly construed, and a request for discovery should be allowed unless it is clear that the information sought can have no possible bearing on the claim or defense of a party." (internal quotations and citation omitted)). "Courts should lean towards resolving any doubt as to relevance in favor of discovery." *Foreclosure Mgmt. Co. v. Asset Mgmt. Holdings, LLC*, No. 07-2388-DJW, 2008 WL 3822773, at *4 (D. Kan. Aug. 13, 2008). "Control of discovery is entrusted to the sound discretion of the trial courts." *Punt v. Kelly Servs.,* 862 F.3d 1040, 1047 (10th Cir. 2017) (internal quotation and citation omitted).

## II. THE SETTLEMENT AGREEMENTS ARE DISCOVERABLE

Henkel asserts that the settlement agreements Dickenson entered with Pfizer and Barretts Minerals (and anyone else) are relevant and discoverable. The court agrees.

Henkel first states that the settlement agreements are relevant to Henkel's alleged liability for Dickenson's mesothelioma. Dickenson asserts most of his claims—from failure-to-warn to loss-of-consortium—against "all defendants." (ECF 1, at 9-40.) Dickenson seeks damages

against all defendants jointly.  (*Id.* at 40-41.)  Thus, if a product manufacturer or distributor settled with Dickenson for an amount that is not inconsequential, such settlement could speak to that entity's fault in causing Dickenson's cancer and thereby lessen the likelihood that Henkel's product—a deodorant—was a cause.  *See Tanner v. Johnston*, No. 2:11-CV-00028-TS-DBP, 2013 WL 121158, at *5 (D. Utah Jan. 8, 2013) (holding "settlement agreements about overlapping claims are relevant, and therefore discoverable"); *White v. Kennet Warren & Son, Ltd.*, 203 F.R.D. 364, 367 (N.D. Ill. 2001) (holding a settlement agreement between plaintiff and a settling defendant was relevant to the non-settling defendant because "an overlap of claims" against both defendants could reduce the non-settling defendant's "potential liability").  Henkel also notes that the settlement agreements could lead to discovery of additional entities whose products contained asbestos and who should therefore bear some responsibility for Dickenson's mesothelioma.  Finally, Henkel points out that Barret Minerals supplied the talc that Henkel used in its deodorant at issue.  Thus, Barrett Minerals's settlement may involve the same base product that underlies Dickenson's claims against Henkel.[1]

For these reasons, the court finds the settlement agreements relevant, as that term has been broadly interpreted by the courts.[2]  In other words, it is not clear that the agreements "can have no possible bearing" on a claim or defense in this case.  *Booth,* 2011 WL 2008284, at *6.

---

[1] In addition, Henkel argues the settlement agreements could show bias of trial witnesses (ECF 146, at 7-8), but this argument seems premature because such witnesses are not yet known (as Henkel recognizes).

[2] Upon reaching this finding, the court need not decide Henkel's terse argument that Dickenson waived any relevance objection by not asserting the objection in his initial responses to the document requests.  Nonetheless, this argument appears to split hairs.  Dickenson's discovery responses do not use the word "relevance," but he objected that the requests were not proportional to the needs of the case.  And his response brief now argues the settlement agreements cannot be proportional to the needs of the case because they do not have "a shred of

3

Dickenson argues that, nonetheless, the settlement agreements should not be discoverable because they contain confidentiality provisions. (ECF 148, at 3.) But a settlement agreement's "confidentiality does not bar discovery." *Burke v. Regalado*, 935 F.3d 960, 1048 (10th Cir. 2019) (ordering production of settlement agreement that was relevant to damages-setoff analysis). "In other words, settlements are not protected from discovery simply because the settling parties agreed to maintain their confidentiality." *Kear v. Kohl's Dep't Stores, Inc.,* No. 12-1235-JAR-KGG, 2013 WL 5883676, at *3 (D. Kan. Sept. 25, 2013); *see also DIRECTV, Inc. v. Puccinelli*, 224 F.R.D. 677, 684–85 (D. Kan. 2004) ("[T]his Court has held that in the context of settlement agreements the mere fact that the settling parties agree to maintain the confidentiality of their agreement does not serve to shield the agreement from discovery."). "The appropriate remedy to protect confidentiality . . . is not barring discovery of items sought, but requesting a protective order." *Kear,* 2013 WL 5883676, at *3. A protective order already has been entered in this case, so Dickenson may protect the settlement agreements from broader disclosure. (ECF 89.) The court thus overrules Dickenson's confidentiality objection.

Finally, Dickenson broadly protests that producing the settlement agreements "would give Defendants an advantage in negotiating settlement." (ECF 148, at 3.) However, "courts have rejected the idea that revealing the terms of settlements with one co-defendant might impede settlement with other parties." *Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.*, No. 05-2164-MLB, 2007 WL 1246216, at *4 (D. Kan. Apr. 27, 2007) (collecting cases). Indeed, courts frequently order the production of settlement agreements reached with one party to

---

relevance." (ECF 148, at 3.) Moreover, relevance was the subject of the court's December 29, 2022 discovery conference on this matter. Thus, the question of relevance is fairly at issue here.

4

remaining parties where the agreements are found relevant to issues remaining in the case. *See, e.g., Mendoza v. Old Republic Ins. Co.*, No. 16-17743, 2017 WL 636069, at *6 (E.D. La. Feb. 16, 2017); *Kissing Camels Surgery Ctr., LLC v. Centura Health Corp.,* No. 12-03012-WJM-NYW, 2016 WL 11785647, at *2 (D. Colo. June 2, 2016); *Tanner v. Johnston*, No. 2:11-CV-00028-TS-DBP, 2013 WL 121158, at *7 (D. Utah Jan. 8, 2013); *Thorough Unit Ent., Inc. v. UMG Recordings, Inc.,* No. 4:06-CV-118-BR, 2008 WL 11429658, at *1-2 (E.D.N.C. Mar. 21, 2008).

Accordingly, the court finds the settlement agreements Henkel requested to be both relevant and otherwise discoverable. Dickenson is ordered to produce any settlement agreements it entered in this lawsuit by **March 3, 2023.**

### III.     SETTLEMENT COMMUNICATIONS ARE NOT DISCOVERABLE

Henkel also seeks "all communications" related to settlements Dickenson has entered. (ECF 146, at 4-5.) Settlement communications and negotiations are a different animal than completed settlement agreements. *See Heartland Surgical Specialty Hosp.,* 2007 WL 1246216, at *2 ("Because there is a significant difference between the two subcategories, they must be treated separately."). Nonetheless, courts have held that, though barred by Federal Rule of Evidence 408 to prove liability at trial, settlement negotiations "may still be discoverable under Rule 26 if the information sought is 'reasonably calculated' to lead to admissible evidence." *City of Wichita v. Aero Holdings, Inc.*, 192 F.R.D. 300, 301–02 (D. Kan. 2000). *See also E.E.O.C. v. JBS USA, LLC,* No. 8:10CV318, 2012 WL 4761765, at *3 (D. Neb. Oct. 5, 2012) (holding that although a "statement made in compromise negotiations . . . is inadmissible at trial, it is nonetheless discoverable, provided the information is relevant and reasonably calculated to lead to the discovery of admissible evidence"); *Alcan Int'l Ltd. v. S.A. Day Mfg. Co.*, 179 F.R.D. 403,

5

404 (W.D.N.Y. 1998) (noting that Rule 408 does not limit the discovery of evidence); *Computer Assocs. Int'l, Inc. v. Am. Fundware, Inc.*, 831 F.Supp. 1516, 1531 (D. Colo. 1993) (recognizing offers of compromise that are inadmissible at trial under Rule 408 are still discoverable if they might lead to other admissible evidence).  *But see Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.,* 332 F.3d 976, 981 (6th Cir. 2003) (finding a "settlement communications privilege" applicable to discussions made during settlement negotiations).

As Dickenson points out, Henkel has not addressed how settlement negotiations, as distinct from executed settlement agreements, are relevant and proportional to the ongoing litigation.  Henkel has not explained what information the settlement communications might provide that will not be provided by the settlement agreements themselves.  For example, *who* Dickenson settled with and *for what amount*—information the court has deemed relevant—will be revealed in the settlement agreements.  Without any indication that settlement communications might provide different, relevant evidence, discovery of the communications cannot be deemed proportional.  *See Heartland Surgical Specialty Hosp.,* 2007 WL 1246216, at *5 (refusing to compel copies of settlement communications where movant did not demonstrate how the negotiations, as compared to an actual settlement agreement, may be relevant, and noting production would have a chilling effect on settlement negotiations (*citing White v. Kenneth Warren & Son, Ltd*., 203 F.R.D. 364, 368 (N.D. Ill. 2001))).  Accordingly, the court will not compel Dickenson to produce settlement communications at this procedural juncture.

This portion of Henkel's motion, however, is denied without prejudice to being refiled. If Henkel believes, after receiving and reviewing the settlement agreements, that discovery into settlement communications is relevant and proportional to the needs of the case, Henkel may file

6

a renewed motion to compel after exhausting its meet-and-confer obligations. *See* D. KAN. RULE 37.2. Henkel is relieved of its obligation to seek a pre-discovery conference before so filing.

## IV.     EXPENSES ARE NOT AWARDED

In the concluding paragraph of Henkel's motion, Henkel requests an award of the expenses that it incurred in bringing the motion. When a motion to compel is granted in part and denied in part, Federal Rule of Civil Procedure 37(a)(5)(C) permits, but does not require, the court to award a party its reasonable expenses, including attorneys' fees, incurred in bringing the motion. Rule 37(a)(5)(A) provides guidance on when the court should *not* award expenses, and directs, *inter alia*, that expenses are not appropriate if "the opposing party's nondisclosure, response, or objection was substantially justified."

The court declines to award Henkel its fees or costs arising from this discovery dispute. Considering the portion of the motion on which Henkel was successful, the court finds that Dickenson's objection to producing settlement agreements, though unsuccessful, was substantially justified.

**IT IS THEREFORE ORDERED** that Henkel's Motion to Compel (ECF 146) is granted in part and denied without prejudice in part, as set forth above.

Dated February 22, 2023, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge